UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X       Case No.:

THERESA MILERSON, individually and on          :
behalf of all others similarly situated,

                        Plaintiff,       :

         against       :       **COLLECTIVE ACTION
COMPLAINT**

METROPOLITAN TRANSPORTATION          :
AUTHORITY, NEW YORK CITY TRANSIT
AUTHORITY, MANHATTAN AND BRONX
SURFACE TRANSIT OPERATING
AUTHORITY,

              Defendants.       :       <u>JURY TRIAL DEMANDED</u>

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Plaintiff THERESA MILERSON, individually and on behalf of all others similarly situated, by and through her attorneys COLLERAN, O'HARA & MILLS, LLP alleges, upon personal knowledge as to herself and upon information and belief as to other matters, alleges as follows:

## PRELIMINARY STATEMENT

1.     Plaintiff THERESA MILERSON (the "Plaintiff"), on behalf of herself and all current and former similarly situated employees (the "FLSA Plaintiffs") employed by Defendants, brings this action against Defendants METROPOLITAN TRANSPORTATION AUTHORITY ("MTA"), NEW YORK CITY TRANSIT AUTHORITY ("NYCTA"), and MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY ("MaBSTOA") (collectively, the "Defendants") pursuant to the Fair Labor Standards Act, 29 U.S.C. 201, *et seq.* ("FLSA") to recover unpaid overtime compensation and liquidated damages and interest for untimely payments of overtime wages.

2.     Defendants utilized a time-keeping and payroll system through a third party payroll administrator called Kronos. While Defendants used Kronos to track the time worked by its employees' agency-wide, Kronos was only responsible for processing the payroll of certain employees. On December 11, 2021, Kronos notified its customers that it had been the victim of a ransomware attack which caused their services to become disabled for all customers for an extended and unknown length of time (the "Kronos Outage Period"). Rather than resume its prior payroll practices, utilize its own fully operational Business Services Center to calculate the wages owed, or obtain the services of an alternative payroll administrator, Defendants instead decided to arbitrarily withhold the earned overtime wages of its employees who were paid through Kronos' payroll processing services. Beginning in December 2021, Defendants engaged in an unlawful policy and practice of delaying the payment of earned overtime wages owed to the Plaintiffs beyond their regularly scheduled paydays.

3.     Defendants' policies and practices affect all non-exempt employees paid through Kronos payroll processing, i.e., job titles within the Staff Analysts and Computer Specialists categories, and the violations are continuous and ongoing.

4.     Plaintiff's claims under the FLSA are brought as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of themselves and all other Computer Analysts and Specialists who performed work for Defendants at any time during the full statute of limitations period.

## JURISDICTION & VENUE

5.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this is a civil action arising under the FLSA.

6.     This Court also has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b).

7.     Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper because a substantial part of the events or omissions giving rise to this action occurred in this District.

8.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

**Plaintiff**

9.     THERESA MILERSON resides in Queens, New York. Plaintiff is a citizen of New York.

10.    THERESA MILERSON is a covered employee within the meaning of the FLSA.

11.    THERESA MILERSON has filed a written consent to join this action.

**Defendants**

12.    Defendant MTA is a public benefit corporation chartered by the New York State Legislature in 1965 under the Metropolitan Transportation Authority Act, N.Y. Pub. Auth. Law § 1260 et seq. with its principal place of business located at 2 Broadway, New York, New York 10004 and is responsible for public transportation in the New York City metropolitan area.

13.    Defendant NYCTA is an affiliate of the MTA that operates public transportation within New York city and its headquarters are also located at 2 Broadway, New York, New York 10004. Defendant NYCTA follows the rules and regulations promulgated by Defendant MTA.

14.    Defendant MaBSTOA is a subsidiary of the NYCTA that provides public bus transit in the Bronx and Manhattan. Defendant MaBSTOA is located at 180 Livingston Street, Brooklyn, New York 11201. Defendant MaBSTOA follows the rules and regulations promulgated by Defendant MTA.

15.     At all relevant times, Defendant MTA is a covered "employer" as defined by the FLSA.

16.     At all relevant times, Defendant NYCTA is a covered "employer" as defined by the FLSA.

17.     At all relevant times, Defendant MaBSTOA is a covered "employer" as defined by the FLSA.

18.     Records for payroll, timekeeping, compensation, and benefits for the FLSA Plaintiffs are maintained for all Defendants at Defendant MTA's Business Services Center.

19.     Upon information and belief, Defendant MTA exercises control over how and whether the FLSA Plaintiffs' overtime rates are calculated and paid for employees of Defendants NYCTA and MaBSTOA.

20.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees. Defendants jointly employed Plaintiff, and all similarly situated individuals, and is Plaintiff's and the FLSA Plaintiff's employer within the meaning of 29 U.S.C. § 201 *et seq.*

21.     In the alternative, Defendants constitute a single employer of Plaintiff and the FLSA Plaintiffs.

## FACTUAL ALLEGATIONS

22.     Plaintiff and the FLSA Plaintiffs work for Defendants in non-exempt, non-managerial roles, and their payroll is administered by Kronos on behalf of Defendants.

### Factual Allegations Regarding Plaintiff Theresa Milerson

23.     THERESA MILERSON has been employed by Defendant MaBSTOA as a Staff Analyst II at 2 Broadway, New York, New York from approximately May 1997 through the present.

24.     At all relevant times, THERESA MILERSON was scheduled to work Monday through Friday for 40 hours per workweek, with 5 hours of unpaid meal periods for MABSTOA's benefit.

25.     At all relevant times, THERESA MILERSON was a non-exempt employee entitled to receive overtime as a Staff Analyst II for hours worked in excess of 40 hours per workweek.

26.     At all relevant times, THERESA MILERSON was paid through Kronos' payroll services on a bi-weekly schedule.

27.     During the Kronos Outage Period, from December 11, 2021 to present, THERESA MILERSON has worked approximately forty (40) hours of overtime and has not yet

been paid. For example, during the workweek of January 10, 2022, THERESA MILERSON worked approximately eight (8) overtime hours and has not been paid.

28.     Defendants instructed THERESA MILERSON and the FLSA Plaintiffs to continue tracking and reporting their time worked as usual during the Kronos Outage Period.

29.     As a result of the ongoing Kronos Outage Period, THERESA MILERSON has not received any overtime pay for working in excess of 40 hours per workweek but instead has just received payment of 35 hours per week on her regular payday without regard for the hours she actually worked.

30.     Prior to the Kronos Outage Period, THERESA MILERSON received payment for overtime hours she worked on the regular payday in which the overtime work was performed.

31.     Defendants' failure to pay THERSA MILERSON's wages on time during the Kronos Outage Period is representative of Defendants' practices with respect to the FLSA Plaintiffs.

**Factual Allegations Regarding the FLSA Plaintiffs**

32.     Beginning in or around December 11, 2021, Defendants engaged in a policy and practice of delaying payment of overtime and wages to the FLSA Plaintiffs beyond their regularly scheduled paydays.

33.     Defendants utilized Kronos, a third-party administrator, for both timekeeping and payroll services for certain administrative job titles within its Staff Analyst and Computer Specialist units. There are various different non-exempt job titles within the Staff Analyst and Computer Specialist categories including, *inter alia,* Staff Analyst I, II, III, Digital Content Manager, Digital Communications, Strategy and Customer Experience, Administrative Associate, and Computer Associate Levels I, II, III.

34.     On or around December 11, 2021, Kronos notified its customers that it had been attacked by a ransomware hacker and that its services would not be available for an unknown length of time. As of the date of filing the within Complaint, Defendants have not yet resumed using Kronos for payroll services. It is unknown when, if ever, Defendants will resume its reliance upon Kronos payroll services, and the FLSA Plaintiffs are just expected to wait for their earned overtime wages.

35.     In response to the unavailability of Kronos, Defendants determined that they would have their Business Services Center issue paychecks for straight time work to the FLSA Plaintiffs during the Kronos Outage Period. Defendants' Business Services Center (the "BSC") already maintains payroll and benefits information for Defendants' employees and processes payroll for various other employment titles within Defendants' operations. However, Defendants instructed their BSC to withhold any and all overtime wages for hours worked by the FLSA Plaintiffs as of December 11, 2021.

36.     Indeed, instead of receiving all wages for work performed within a given pay period, the FLSA Plaintiffs only received compensation for their non-overtime wages on their

regularly scheduled bi-weekly payday. The FLSA Plaintiffs have received no timetable from Defendants on when they can expect to be fully compensated for work performed during the Kronos Outage Period.

37.     Pursuant to Defendants' policies, THERESA MILERSON and the FLSA Plaintiffs must receive approval to work overtime. FLSA Plaintiffs are also required to perform mandatory overtime as needed by Defendants' department head. As a result, Defendants had notice of all overtime worked by the FLSA Plaintiffs during the Kronos Outage Period and records of the hours worked during the Kronos Outage Period are readily ascertainable.

38.     Defendants have established a bi-weekly pay period for the FLSA Plaintiffs, with each workweek starting on Monday and ending on Friday, and the regularly scheduled pay day being every other Friday.

39.     All overtime wages were withheld from the FLSA Plaintiffs during the Kronos Outage Period – i.e. overtime wages have been withheld for up to six weeks after the work was performed, and up to five weeks after the FLSA Plaintiffs' regularly scheduled payday as of the date of filing the within Complaint. Upon information and belief, none of the overtime wages earned during the Kronos Outage Period have been paid to the FLSA Plaintiffs as of the date of the within Complaint.

40.     Defendants' decision to withhold overtime pay for an unknown period of time from essential transit workers during the peak December holiday season and at the height of another COVID-19 surge was willful and in total disregard for the law. Wael Hibri, Deputy Chief Transformation Officer, who oversees information technology and the BSC for Defendant MTA, represented that payment of straight time with no overtime was the "best the BSC could do." Such a violation is willful, and in conscious or reckless disregard of the requirements of the FLSA.

41.     Under the FLSA, employers are required to pay employees on the next regularly scheduled payday following the work performed.

42.     An FLSA claim for unpaid overtime accrues at the end of each pay period when it is not paid.

## COLLECTIVE ACTION ALLEGATIONS

43.     Plaintiff brings the first Cause of Action, failure to timely pay overtime wages, on behalf of herself and all similarly situated persons, who work or have worked in non-exempt Staff Analysts and Computer Analysts titles for Defendants between December 11, 2021 and the date of final judgment, who did not receive overtime wages on their regularly scheduled payday for all hours worked over 40 in the workweek, and who elect to join this action pursuant to 29 U.S.C. § 216(b) (the "**FLSA Collective**").

44.     All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendants and Defendants have been aware of all of the work that Plaintiff and the FLSA Collective have performed.

45.     As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice includes but is not limited to willfully failing to pay Plaintiff and the FLSA Collective overtime for hours that they worked in excess of 40 hours per workweek on their regularly scheduled payday for the period in which the work was performed.

46.     Defendants are aware or should have been aware that federal law required them to promptly pay Plaintiff and the FLSA Collective for all hours worked in a given pay period, including payment of an overtime premium for hours worked in excess of 40 per workweek.

47.     Defendants' conduct has been widespread, repeated, and consistent.

48.     Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the members of the FLSA Collective.

49.     Upon information and belief, the FLSA Collective consists of many similarly situated individuals who have not been timely paid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit. Those similarly situated collective members are known to Defendants, are readily identifiable, and can be located through Defendants' records. Notice should be sent to the members of the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## FIRST CLAIM FOR RELIEF
## VIOLATIONS OF THE FLSA: FAILURE TO TIMELY PAY WAGES

50.     Plaintiff, on behalf of herself and the FLSA Collective, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

51.     Plaintiff and the FLSA Collective are employees under FLSA § 203(2).

52.     Defendants are employers under FLSA § 203(d).

53.     Pursuant to 29 C.F.R. 778.106, "overtime compensation earned in a particular workweek must be paid on the regular payday for the period in which such workweek ends."

54.     Defendants engaged in a pattern and practice of failing to pay Plaintiff and the FLSA Collective all overtime wages owed on the regular payday for the period in which the work was performed.

55.     Instead, Defendants implemented a uniform policy and practice of withholding payment overtime wages for several weeks after the work was performed during the Kronos Outage Period. Defendants have still not paid Plaintiff or the FLSA Collective any outstanding overtime wages for work performed during the Kronos Outage Period.

56.     Defendants knew or should have known of their obligation to pay Plaintiffs and the FLSA Collective on the regularly scheduled payday for the period in which the work was performed.

6

57.   Defendants acted willfully and deliberately in maintaining an intentional practice of failing to compensate Plaintiff and the FLSA Collective in accordance with the FLSA.

58.   Defendant's violations of the FLSA have significantly damaged Plaintiff and the FLSA Collective and entitle them to recover the total amount of their unpaid wages, with interest, an additional equal amount in liquidated damages, and attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, respectfully requests judgment as follows:

(a)   That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to the members of the FLSA Collective (as defined above). Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied timely payment of overtime for all hours worked over 40 in a workweek;

(b)   Payment of all unpaid overtime and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §§ 201, et seq., and the supporting United States Department of Labor regulations;

(c)   Designation of Plaintiff as a Class Representative and counsel of record as Class Counsel;

(d)   Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA;

(e)   An injunction requiring Defendant MTA to pay all statutory required wages pursuant to the FLSA;

(f)   Award the FLSA Collective monetary damages in the form of liquidated damages under the FLSA equal to the amount of overtime compensation that they should have been paid on their regularly scheduled payday for work performed during that pay period.

(g)   Pre- and post-judgment interest;

(h)   Attorneys' fees and costs of this action;

(i)   A reasonable incentive award for the lead Plaintiff to compensate her for the time she spent attempting to recover wages for Class Members and for the risks she took in doing so; and

(j)   Such other relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims properly triable by a jury.

Dated: Woodbury, New York
      January 26, 2022

COLLERAN, O'HARA & MILLS L.L.P.

By:

Patricia L. Boland
*Attorneys for Plaintiff*
100 Crossways Park Drive West, Suite 200
Woodbury, New York 11797
Phone (516) 248-5757
Fax (516) 742-1765
plb@cohmlaw.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------X

THERESA MILERSON, individually and on        :
behalf of all others similarly situated,

                        Plaintiff,        :

                    against        :        **CONSENT TO SUE**

METROPOLITAN TRANSPORTATION        :
AUTHORITY, NEW YORK CITY TRANSIT
AUTHORITY, MANHATTAN AND BRONX
SURFACE TRANSIT OPERATING
AUTHORITY,

                    Defendants.        :

------------------------------------X

    By my signature below, I, T. Milerson, hereby authorize the filing and prosecution of claims in my name and on my behalf against the Defendants Metropolitan Transportation Authority, New York City Transit Authority, Manhattan and Bronx Surface Transit Operating Authority and MTA Bus Company to recover unpaid overtime wages pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 201 et seq., and also authorize the filing of this consent in the action challenging such conduct, and consent be a party Plaintiff in this lawsuit.

    I hereby appoint the law firm of Colleran, O'Hara & Mills, LLP, located at 100 Crossways Park Drive West, Suite 200, Woodbury, New York 11797, telephone number (516) 248-5757, as my attorneys.

Dated: 1/24/22

Signature: _____        Print Name: T. Milerson